## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Christopher Wesemann, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") since August 2020. I received training at the FBI Academy in Quantico, Virginia in the area of federal criminal and constitutional law, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause, investigative methods, and evidence collection. I am currently assigned to the Lowell Resident Agency of the FBI's Boston Field Office, where I primarily investigate criminal matters with a focus on financial crimes, and have participated in criminal investigations related to violent crimes against children ("VCAC"), narcotics, transnational organized crime, and public corruption. As a Special Agent with the FBI, I have participated in investigations related to the production, attempted production, distribution, receipt, and possession of child pornography. Prior to being assigned to the Lowell Resident Agency, I spent three years assigned to work violations of health care fraud. Additionally, prior to my employment with the FBI, I worked for seven years for a health care information technology company.

2. I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510; that is, an officer of the United States of America who is empowered to investigate and make arrests for offenses alleged in this warrant. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, the transfer of obscene material to minors, and transportation of minors, including, but not limited to, violations of 18 U.S.C. §§ 1470,

1

2422, 2423, 2251, and 2252A. I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. I have assisted in investigations conducted by the FBI Boston Child Exploitation Human Trafficking Task Force.

3.  I submit this affidavit in support of a criminal complaint charging Robert BURNHAM ("BURNHAM") (YOB 1981), of Gloucester, Massachusetts, with one count of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a).

4.  The statements in this affidavit are based in part on information obtained during the execution of a search warrant at BURNHAM's residence on April 28, 2025; information and written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; information gathered from the service of subpoenas and other records; independent investigation and analysis by FBI agents/analysts; and my experience, training, and background as a Special Agent with the FBI. Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included every fact known to me concerning this investigation. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

**PROBABLE CAUSE**

JusTalk Communications Between iwearacrown and MINOR 1

5.  On or about June 11, 2024, MINOR 1, who was at that time a 13-year-old female in the eighth grade in Kansas (hereinafter "MINOR 1"), was contacted by an individual on SnapChat with the username "shaydz2024" (the "SUSPECT USER"). The SUSPECT USER told MINOR 1 that he was in her grade and talked to her about playing Fortnite. The SUSPECT USER then started asking MINOR 1 about people she knew. The SUSPECT USER sent MINOR 1 a

picture of her father's Facebook account and asked if he was her dad, which gave MINOR 1 the impression that the SUSPECT USER knew MINOR 1's family. When MINOR 1 initially denied that it was her father's Facebook account, the SUSPECT USER told her that he had pictures of MINOR 1 (which MINOR 1 believed meant that he had sexually explicit pictures of her) which he would send to MINOR 1's father if she did not send sexually explicit images and videos.

6. Soon after this initial contact on SnapChat, the SUSPECT USER instructed MINOR 1 to create a JusTalk account[1] and move their communication from SnapChat to JusTalk. MINOR 1 created a JusTalk account and continued communicating with the SUSPECT USER, who now operated under the JusTalk username "iwearacrown".

7. While communicating with MINOR 1 on JusTalk, the SUSPECT USER directed MINOR 1 to produce and send to him sexually explicit videos and pictures. The SUSPECT USER gave MINOR 1 specific instructions on what to do in each picture or video, whether to wear or take off clothes, whether the camera needed to be farther away, or whether she needed to stand up. In one instance, when MINOR 1 sent a picture wearing a bra, the SUSPECT USER told her "no bra." In another instance, the SUSPECT USER told MINOR 1 to "find something to suck on like the brush handle or sumthin..face the cam on your knees..hold it down in front of you on the bed so that the handle points at the ceiling.. lean over and suck on it." In follow up messages, the SUSPECT USER instructed MINOR 1 "this one needs sound tho" and "I need to hear you sucking on it." The SUSPECT USER also told MINOR 1 "now suck he [sic] brush handle again and really get it wet this time.." "and you have to say I love sucking your dick daddy." The SUSPECT USER

---

[1] JusTalk is a free video calling and messaging application available for download in the Apple App Store, through Google Play, or on Amazon.com. JusTalk allows its users to have one-on-one or group video calls and to send texts, photos, videos, stickers, and emojis in one-on-one or in group messages. JusTalk is based out of Ningo, Hangzhou and Beijing, China.

later instructed MINOR 1 "now lemme see you put it in your pussy." When MINOR 1 responded "it?", the SUSPECT USER stated "the brush."

8. In a forensic interview conducted in Kansas, MINOR 1 reported that the SUSPECT USER would often get really angry with her if she did not do what he asked. The SUSPECT USER would then get impatient and send her messages in all capitals, "DO IT NOW." In one instance, the SUSPECT USER asked MINOR 1 to meet up with him. When MINOR 1 told the SUSPECT USER she did not want to, the SUSPECT USER told MINOR 1 that she would be stuck sending videos and images to the SUSPECT USER for "forever." MINOR 1 also reported in her forensic interview that the SUSPECT USER told her he was "going to put fucking hands on [her]" and that he was going to rape her.

9. The Harper County Sheriff's Office ("HCSO") in Harper County, Kansas was able to locate and obtain the JusTalk conversation and child sexual abuse material ("CSAM")[2] from MINOR 1's cell phone.

10. In the paragraphs that follow, I outline excerpts from one conversation between the SUSPECT USER and MINOR 1 and include descriptions of files that depict CSAM. This does not reflect the total amount of messages and CSAM exchanged between the SUSPECT USER and MINOR 1.

11. On September 25, 2024, after 9pm Central Time, the SUSPECT USER sent MINOR 1 a series of messages directing MINOR 1 to engage in specific sex acts. These

---

[2] Child pornography" is a term defined by statute as "any visual depiction…of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct." See 18 U.S.C. § 2256(8)(A). In recent years, child pornography has been more widely referred to as "child sexual abuse material (CSAM)," including by law enforcement and the National Center for Missing and Exploited Children. Where that term is used in this affidavit, it is used to refer to child pornography as defined by federal statute.

communications can be seen below:







12. HCSO found files believed to be associated with the requests within the above-depicted conversations in the deleted folder of MINOR 1's phone. In total, there were twenty-one photos and two videos within MINOR 1's deleted folder related to the above-depicted conversations. The date associated with at least several of these files was also September 25, 2024 after 9pm Central Time. The following is a brief summary of three files:[3]

---

[3] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (affiant's "legal conclusion parroting the statutory definition […] absent any descriptive support and without an independent review of the images" insufficient basis for determination of probable cause). Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). The child described herein is known to have been 13 years old at the time the images and videos were taken. Furthermore, the descriptions of the files here are sufficiently specific as to the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on

      a.      File Name: IMG_5715. This is a still photo of MINOR 1. MINOR 1 was 13 years old at the time the photo was taken. MINOR 1 is fully nude on her knees on a bed, in a bedroom with a yellow fox decal sticker on the wall. The camera is positioned so her genitals and body are facing the camera, exposing her vagina and breasts. MINOR 1's face is in the frame and she is holding the brush portion of a purple hairbrush in her left hand, while part of the handle is inside of MINOR 1's mouth.

      b.      File Name: IMG_5713. This is a still photo of MINOR 1. MINOR 1 was 13 years old at the time the photo was taken. MINOR 1 is fully nude sitting on a bed, in a bedroom with a yellow fox decal sticker on the wall, with her legs spread apart in a sexually suggestive position. The camera is positioned so her genitals and body are facing the camera, exposing her vagina and breasts. MINOR 1 appears to be spreading her legs apart to better expose her vagina to the camera. MINOR 1's face is in the frame and she is holding the brush portion of a purple hairbrush in her left hand, while pushing the handle part of the hairbrush inside of her vagina.

      c.      File Name: IMG_5711. This is a still photo of MINOR 1. MINOR 1 was 13 years old at the time the photo was taken. MINOR 1 is not wearing a shirt and does not appear to be wearing any other clothing, consistent with the other photos of MINOR 1 taken on this date and around this time. MINOR 1 is leaning forward in a sexually suggestive position. The camera is positioned so it is up close to MINOR 1's face and the

---

images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such nonconclusory, sufficiently specific description, this Court need not view the imagery to find that they depict child pornography. Nonetheless, the described imagery is available for review at the Court's request.

7

viewer can slightly see MINOR 1's breast. MINOR 1 is holding the brush portion of a purple hairbrush in her left hand, while part of the handle is inside of MINOR 1's mouth.

13. In a separate still photo from earlier that night, MINOR 1 does not have a purple hairbrush in her hand. The following is a brief summary of that image:

    a. File Name: IMG_5719. This is a still photo of MINOR 1, who was 13 years old at the time this photo was taken. MINOR 1 is fully nude on her knees while on the floor in a room, in a sexually suggestive position. MINOR 1's rear is facing the camera, and her vagina is completely exposed as well as part of her breast. The camera is positioned close to her buttocks and vagina, as they are facing the camera. MINOR 1 appears to be spreading her legs apart to better expose her vagina to the camera. MINOR 1 is digitally penetrating her vagina with her left hand in the photo.

## Other Relevant Conduct

14. On or about April 28, 2025, I learned that in addition to Kansas authorities, the Lincoln, Nebraska Police Department was also investigating BURNHAM for soliciting sexually explicit images and videos from minors.

15. I have reviewed records obtained by the Lincoln Police in the course of their investigation. Records from SnapChat for the account username "xnotthebestx" with the display name "iwearacrown" indicated that the account had utilized the IP address 73.123.253.54 on login.

16. Comcast Cable Communications records obtained by both Kansas and Nebraska authorities for the IP address 73.123.253.54 identified Robert BURNHAM as the subscriber name and BURNHAM's address as the service address.

17. The SnapChat records included 325 message threads between iwearacrown (the "SUSPECT USER") and other users between September 1, 2023 and November 8, 2024.

18.     Upon review of these messages, I observed many messages from the SUSPECT USER to other users using a similar phrase to begin the conversation. For example, many of the messages began with: "brooo u mad or sumthin." If the user responded and asked who the SUSPECT USER was, he would reply: "u gonna be happy when u find out anyway bro." The SUSPECT USER would then continue to message the user and suggest that he had nude images or videos of the user. For example, some common messages he would send were: "fine u want me to just delete them now or sumthin or nah?"; "u know i still got like everything of u right"; "I just don't want u to say that I have to delete them or anything either"; "i still have everything of u . . . showing . . . they sexy af tho". Sometimes the SUSPECT USER would also threaten to send the alleged nude images to the user's family, and he would specifically name the user's parents. He asked some users to send a video of themselves sucking their finger. The SUSPECT USER also directed users to move their conversation from SnapChat to JusTalk.

19.     The SnapChat records included messages exchanged between the SUSPECT USER and two different users who stated that they were 12 years old (hereinafter "MINOR 2" and "MINOR 3"). An excerpt of these messages is below:

> SUSPECT USER: well that's another way you could finish this
> 11/27/2023 8:13 PM
>
> MINOR 2: Finish what
> 11/27/2023 8:13 PM
>
> SUSPECT USER: having to send
> 11/27/2023 8:13 PM
>
> MINOR 2: Wdym
> 11/27/2023 8:13 PM
>
> SUSPECT USER: we can just do it fr
> 11/27/2023 8:13 PM

9

MINOR 2: No I'm sorry but no. I'm 12 years old. I'm waiting till marriage I'm so sorry but I cannot do that
11/27/2023 8:14 PM

SUSPECT USER: well u at least gonna have to suck it bro
11/27/2023 8:14 PM

MINOR 2: I'm not meeting up. My parents would kill me and there would have to be someone there. Also I have an expander so it would hurt
11/27/2023 8:15 PM

SUSPECT USER: nah you do it good
11/27/2023 8:15 PM

MINOR 2: Huh?
11/27/2023 8:15 PM

MINOR 2: It would scrape on ur dick
11/27/2023 8:16 PM

SUSPECT USER: no u wouldnt bro
11/27/2023 8:16 PM

MINOR 2: I'm yes it would, it does on my brush
11/27/2023 8:16 PM

SUSPECT USER: you good
11/27/2023 8:16 PM

MINOR 2: What are you talking about I'm so con
11/27/2023 8:16PM

MINOR 2: Confused
11/27/2023 8:16 PM

SUSPECT USER: us getting together
11/27/2023 8:16 PM

MINOR 2: Okay I'm sorry but I can't
11/27/2023 8:17 PM

SUSPECT USER: u have to tho
11/27/2023 8:17 PM

MINOR 2: Look how do I tell you this. There's no possible way I can
11/27/2023 8:17 PM

10

SUSPECT USER: u know what gonna happen now if u dont
11/27/2023 8:17 PM

MINOR 2: Please I'm begging
11/27/2023 8:18 PM

MINOR 2: Don't make me
11/27/2023 8:18 PM

SUSPECT USER: fine but u gonna have to take a video of u sucking a real one then and send it
11/27/2023 8:19 PM

***

SUSPECT USER: U know I still got like everything of u
10/14/2024 2:16 PM

MINOR 3: I never did anything to u
10/14/2024 2:17 PM

SUSPECT USER: u gonna be happy when I tell u it me anyway
10/14/2024 2:17 PM

MINOR 3: I'm a minor
10/14/2024 2:17 PM

…

MINOR 3: I'm 12
10/14/2024 3:52 PM

MINOR 3: I'll be 13 next month
10/14/2024 3:52 PM

SUSPECT USER: U didn't look it when you sent those to me on…
10/14/2024 3:52 PM

….

MINOR 3: just message me on justalk
10/14/2024 4:01 PM

SUSPECT USER: No
10/14/2024 4:01 PM

        MINOR 3: I didn't have it
        10/14/2024 4:02 PM

        SUSPECT USER: I'll show you what I have of u there
        10/14/2024 4:02 PM

<u>Search of BURNHAM's Residence</u>

20. On April 28, 2025, FBI agents and other law enforcement executed a federal search warrant (25-3105-JDH) at BURNHAM's residence in Gloucester, Massachusetts.

21. At the residence, agents encountered BURNHAM and three other individuals – one adult and two minors.

22. Following *Miranda* warnings, BURNHAM agreed to speak with agents. In a recorded statement, BURNHAM said he owned a Dell laptop. BURNHAM also stated that he and his wife both owned cellphones.

23. BURNHAM provided the password to unlock the Dell laptop. On the laptop, agents found a screenshot showing an icon of the JusTalk application.

24. Agents spoke with BURNHAM's wife, and she consented to a search of her cellphone, a Samsung Galaxy S23 Ultra with the assigned phone number XXX-XXX-5529. Her phone was cleared and did not appear to contain anything of evidentiary value.

25. Law enforcement seized five devices during the search, including a Samsung Galaxy S23 Ultra phone, which, based on the contents and AT&T subscriber records, as described below, appears to belong to BURNHAM, and a Dell laptop.

26. The seized devices were transported to the FBI's Regional Forensics Computer Lab. Forensic examination is ongoing.

27. Following an initial forensic examination of the Samsung Galaxy S23 Ultra phone (model number SM-S918U), agents were able to determine that the SIM card in the phone had the

phone number XXX-XXX-8683.

28. AT&T subscriber records indicate that BURNHAM is the assigned user of the phone number XXX-XXX-8683. The subscriber records list the service start date for BURNHAM's account as November 28, 2014, with the current account status listed as "active."

29. Agents also determined that "Rob Burnham" was the name on the Samsung account logged into the phone.

30. Additionally, agents found that JusTalk was downloaded on the phone and the logged in user had the username "iwearacrown." The SUSPECT USER appeared to have been using the application and messaging with other users as recently as April 26, 2025, just two days before the search warrant execution.

31. In the phone's Android Gallery, agents found three images of MINOR 1. In these images, MINOR 1 is wearing shorts but is not wearing a shirt. She is standing, looking toward the camera, and her breasts are exposed. In two of the images, MINOR 1 has one to two fingers from her right hand in her mouth.

## CONCLUSION

32. Based on all of the foregoing, I submit that there is probable cause to believe that from on or about June 11, 2024 to on or about October 4, 2024, in the District of Massachusetts and elsewhere, BURNHAM employed, used, persuaded, induced, enticed, and coerced a minor, MINOR 1 (YOB 2011), to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct and knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and

affecting interstate and foreign commerce, by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a).

_Christopher Wesemann (by JDH)_
Special Agent Christopher Wesemann
Federal Bureau of Investigation

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this date of September 2, 2025.

_Jessica Hedges_
HONORABLE JESSICA D. HEDGES
UNITED STATES MAGISTRATE JUDGE